UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DENNIS G. WILLIAMS and RAE WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-217 CAN |
| | ) | |
| GENIE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

On March 23, 2004, Plaintiffs Dennis and Rae Williams filed this complaint alleging

negligence, strict liability under the Indiana Products Liability Act, and breach of warranty.  On

April 25, 2006, Defendant Genie Industries, Inc. ("Genie") filed a motion for partial summary

judgment on Plaintiffs' claims of negligence and strict liability based upon a failure to warn

theory.  For the following reasons, Genie's motion [Doc. No. 46] is **DENIED**.

## I.    RELEVANT BACKGROUND

On July 11, 2003, Dennis Williams ("Williams"), along with his co-workers, operated a

Genie Scissor Lift, Model Number GS-2632, which was manufactured by Genie, to assist with

the installation of gypsum board on a decorative bulkhead at John Adams High School in South

Bend, Indiana.  Williams and his co-workers loaded materials onto the lift and elevated the lift

up to the portion of the wall where Williams would then apply the sheet rock.  Williams' co-

worker drove the lift forward, with Williams in the basket, while Williams attempted to fasten

the board.  Immediately prior to the accident, the lift was being operated on a level surface.  The

lift was then moved to a declining slope.  Upon moving the lift to the slope, the wheels became

disengaged from the surface of the floor and triggered the pothole protection system, which was designed to prevent the lift from becoming unstable and tipping over.

When the pothole protection system engaged, the lift was partially descended and the scissor stack was partially extended.  Although Williams did not realize at that time that the scissor stack was partially extended, in order to dislodge the lift, he put his hand into the scissor stack and pushed the lift off of the decline.  Located in close proximity to where Williams' inserted his hand was the following decal: "WARNING- Crushing Hazard.  Contact with moving parts may cause serious death or injury.  Keep away from moving parts."  (Genie's Statement Of Facts, page 5).  When the lift became dislodged, the basket descended and the scissor stack closed on Williams' hand, causing injury.

On March 23, 2004, Williams filed his complaint alleging negligence, strict liability under the Indiana Products Liability Act, and breach of warranties.  Williams filed an amended complaint on January 24, 2005.  Among other allegations, Williams asserts that Genie committed negligence and is strictly liable for its failure to warn of the lift's dangerous propensities.  On April 25, 2006, Genie filed a motion for partial summary judgment on Williams' failure to warn claims.  This Court may rule on Genie's motion pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

**III.   GENIE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

A.   Applicable Law

Under the Indiana Products Liability Act, a product is defective if the seller fails to:

(1) properly package or label the product to give reasonable warnings of danger about the product; or

(2) give reasonably complete instructions on proper use of the product;

when the seller, by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer.

Ind. Code. § 34-20-4-2. In Indiana, there is no doctrinal distinction between the negligent and strict liability failure to warn actions. Taylor v. Monsanto Co., 150 F.3d 806, 808 (7th Cir. 1998). In both cases, a manufacturer has a duty to warn those persons it should reasonably

foresee would be likely to use its product or who are likely to come into contact with a latent danger inherent in the product's use.  Id.  The product label must make apparent the potential harmful consequences.  "The warning should be of such intensity as to cause a reasonable man to exercise for his own safety caution commensurate with the potential danger."  Jarrell v. Monsanto Co., 528 N.E.2d 1158, 1163 (Ind. Ct. App. 1988).  Although warnings cannot make a dangerous product safe, such warnings may avert liability. Id. at 1166.  The absence of warnings cannot alter the basic nature of the product, but may render the product such as to be unreasonably dangerous.  Id.  The adequacy of warnings is classically a question of fact reserved to the trier of fact and, therefore, usually an inappropriate matter for summary judgment.  Id. at 1162.  See also McMahon v. Bunn-O-Matic Corp., 1997 U.S. Dist. LEXIS 22318 (N.D. Ind. Nov. 10, 1997).

A plaintiff must also prove the proximate cause of his injury.  Proximate cause is established if the injury caused by the product is a natural and probable consequence which was, or should have been, reasonably foreseen or anticipated in light of the attendant circumstances. Montgomery Ward & Co. v. Gregg, 554 N.E.2d 1145, 1156 (Ind. Ct. App. 1990).  See also Conley v. Lift-All Co., 2005 U.S. Dist. LEXIS 15468 (S.D. Ind. July 25, 2005) (stating "the question is whether the plaintiff's injury was a natural and probable consequence of the failure to warn about the dangers associated with the product").  In approaching proximate cause in warnings cases, the focus is on the effect of giving a warning on the actual circumstances surrounding the accident. Conley v. Lift-All Co., 2005 U.S. Dist. LEXIS 15468 (S.D. Ind. July 25, 2005).  This issue may require that the plaintiff show that an adequate warning would have altered the conduct which led to the injury.  Id.  In the case of a strict liability action, the law

should provide a presumption that an adequate warning would have been read and heeded, thereby minimizing the obvious problems of proof of causation.  <u>Nissen Trampoline Co. v. Terre Haute First Nat'l Bank</u>, 332 N.E.2d 820, 826 (Ind. Ct. App. 1975) (reversed on other grounds).  <u>See</u> <u>also</u> <u>Montgomery Ward</u>, 554 N.E.2d at 1156 (stating that the plaintiff was aided in proving the absence of a warning was a proximate cause of his injuries by a presumption that an adequate warning would have been read and heeded).  Like the other elements in a products liability case, proximate cause is often an issue for the fact-finder, unless only one conclusion can be drawn from the facts.  <u>Conley v. Lift-All Co.</u>, 2005 U.S. Dist. LEXIS 15468 (S.D. Ind. July 25, 2005).

  B.  <u>Analysis</u>

  In its motion for partial summary judgment, Genie asserts three arguments in support of its motion.  First, Genie argues that there is no dispute that there were warnings on the lift.  In addition, Genie contends that Williams has not established the proximate cause of his injuries.  Finally, Genie alleges that because Williams admits that he did not read the warnings affixed to the lift or the operator's manual, he cannot assert a failure to warn claim.

  1.  <u>Warnings Affixed to the Lift</u>

  In his complaint, Williams asserts that Genie was negligent in that it failed to provide adequate warnings on and/or with the lift and that Genie is strictly liable because the product was unreasonably dangerous since it was sold without adequate and sufficient warnings regarding the lift's dangerous propensities.  Williams does not contest Genie's assertion that there were warnings on the lift that stated: "WARNING- Crushing Hazard.  Contact with moving parts may cause serious death or injury.  Keep away from moving parts."  Consequently, Genie

argues that there is no dispute as to the existence of warning decals on the lift, and therefore, there was no failure to warn.

While this Court agrees with Genie's broad statement that Williams does not dispute that there were warning labels affixed to the lift, this Court does not find that the mere existence of warning labels is sufficient as a matter of law to conclude that Genie was not negligent or strictly liable.  Rather, as Williams articulates in his response, the decals may have alerted users to the crushing hazards associated with moving parts.  However, at the time of the incident, the scissor stack was not moving, but stationary.  Only after Williams put his hand in the scissor stack to dislodge the lift did the scissor stack start moving again.  This Court cannot determine as a matter of law that these warnings sufficiently convey to a reasonable user all risks associated with the scissor stack when the scissor stack was not moving.

It is not this Court's function to determine the adequacy of the warnings that were present.  As previously stated, the adequacy of the warnings as to whether or not they alerted the user to the potential harmful consequences is a question of fact for the jury.  Since there is a question as to whether the warnings clearly warned of the dangers of the scissor stack when the lift's pothole protection system was engaged, summary judgment on these issues is not appropriate.

        2.    <u>Proximate Cause of Williams' Injuries</u>

Genie also asserts that Williams has failed to establish proximate cause.  Williams' expert witness, Mr. David Bizzak, opined that the warnings were not adequate to warn against the danger that occurred.  Genie asserts that Williams may not rely upon Mr. Bizzak's blanket assertion that the warnings were not adequate, but must produce evidence of an alternate

6

warning that would have prevented the injury.  In its motion, Genie cites to numerous cases
where courts have found that the expert witnesses' testimony in a products liability case was not
reliable and therefore excluded the testimony.

It is important to note that in its August 20, 2004 scheduling order, and subsequent orders
extending the various deadlines in this case, this Court set distinct deadlines for the filing of
dispositive and <u>Daubert</u> motions.  While Genie asserts in a footnote that it intends to file a
<u>Daubert</u> motion regarding Mr. Bizzak's testimony, the deadline for filing a <u>Daubert</u> motion has
now passed.  Therefore, while Genie's arguments may have provided the analysis for a separate
<u>Daubert</u> motion, there are no <u>Daubert</u> motions pending before this Court.  As a result, Mr.
Bizzak's testimony will not be excluded.  Because this Court will accept Mr. Bizzak's testimony,
it appears that Genie's remaining arguments go more towards the weight and credibility of Mr.
Bizzak's opinion.  These arguments are arguments that Genie should make to the jury, not to this
Court on a motion for summary judgment.

In addition, although Mr. Bizzak did not draft a specific alternate warning, he did opine
that there were no warnings dealing with the hazard that caused Williams' injuries or on how to
go about freeing the platform if the pothole protectors were hung up.  (Bizzak Dep. pg. 89).
While not specific, it appears that Bizzak is suggesting that an alternate warning would have
included information regarding the relationship between the scissor stack and the freeing of the
platform if the pothole protectors were engaged.  Furthermore, when establishing proximate
cause in strict liability cases, Indiana courts have allowed a presumption that an adequate
warning would have been read and heeded.  <u>See</u> <u>Montgomery Ward</u>, 554 N.E.2d at 1156.
Because of the presumption and Mr. Bizzak's suggestion regarding the content necessary for an

adequate alternate warning, there is sufficient evidence regarding proximate cause to withstand a motion for summary judgment.

### 3.   Failure to Read the Warnings

Finally, Genie claims that because Williams admits that he did not read the warnings affixed to the lift or the operator's manual, he cannot assert a failure to warn claim.  However, in Jarrell, 528 N.E.2d at 1164, the court stated that if the warnings are inadequate and the labels fail to capture the user's attention, failure to read them does not bar the claim as a matter of law. Because there is a question of fact regarding the adequacy of the warnings, this Court cannot find that Williams' failure to read them bars his claim as a matter of law.  As a result, Genie's motion for partial summary judgment is denied.

## IV.   CONCLUSION

For the aforementioned reasons, Genie's motion for partial summary judgment [Doc. No. 46] is **DENIED**.

**SO ORDERED.**

Dated this 19th Day of May, 2006.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge